# Rowan's Appeal.

Where a father made his will, in which he devised certain lands to his son, in fee simple, charged with the payment of a certain sum of money, and the maintenance of testator and his wife during life, and had the land surveyed, put the son in possession, and received, in his lifetime, a portion of the sum charged upon the land: it was *held* to constitute a testamentary provision for the son, and not a contract to devise the land to him in fee simple.

In such case, the father having revoked the first will, and devised the land to the son for life, subject to the same charge, it furnished no ground to entertain a bill against the executors of the father to compel a conveyance in fee simple.

APPEAL from the Common Pleas of *Westmoreland county.*

[Rowan's Appeal.]

This was a bill in equity to compel a conveyance of land, which the Court below dismissed before answer, and the complainant appealed. The facts of the case sufficiently appear in the opinion of his Honour WOODWARD, J.

*Foster* and *Marchand*, for appellant.—That the making of the will, the survey of the land, designation of boundaries, putting appellant in possession, and receipt of money on account of the sum charged upon it, constituted such an agreement or contract in writing to devise the land to him in fee simple, as will enable him to demand specific performance. The will exhibits this on its face. The surrender of the possession, the provision for maintenance of testator and his wife, the provision for payment of the money in his lifetime. The principles of the law as to specific performance apply equally to contracts to devise, as to convey: 7 *Barr* 55. An agreement in writing for the sale of land signed by vendor alone is sufficient: 10 *Watts* 387; 1 *Jones* 503; 12 *Vesey* 471; 9 *Vesey* 234; *Ib.* 253.

*Armstrong* and *Cowan*, for appellees.—The alleged will and receipts taken together do not constitute such a contract as will entitle the appellant to the relief prayed for. That the father indicated his intention by a will, is proof that he was unwilling to be bound. He would not relinquish his control. A promise to devise, being inherently revocable, instead of being evidence of an absolute contract, is the reverse; and any devise in pursuance of it, which compensated the expectant, would discharge it both legally and morally. In such case, it could never be held to extend beyond the actual consideration. The case is not put by appellant on the ground of a parol contract and part performance, but on the will of 1847, and the receipts. The receipts contain no engagement that the land shall be devised to him. In the case in 7 *Barr* 55, it was alleged and proved that the testator actually devised the land in pursuance of a contract, and the will was destroyed by one of the heirs. And that constitutes a distinct difference in the cases.

The opinion of the Court was delivered by

WOODWARD, J.—The Court dismissed the plaintiff's bill without waiting for the answer to come in; and the question is, therefore, whether upon his own showing he is entitled to the relief sought.

The substance of the complaint is, that the complainant's father made a will devising to him in fee simple a tract of land, and charging it with the payment of $1500—any payments made in the lifetime of the father to go on account of said charge; that the complainant agreed to accept the land on the terms contained in the

[Rowan's Appeal.]

will, went into possession, and paid his father $400; but before his death, his father cancelled and destroyed that will and made another, in which he devised to him but a life estate in the land, subject to the same charge. The bill concludes with a prayer for general relief, and for a decree that a conveyance be made to him for the land. A conveyance of a fee simple estate is not asked for in terms, but this is the necessary import of the prayer for relief, for the second will itself is a sufficient conveyance of the life estate. The bill does not allege, and the accompanying depositions do not prove, that the father made any agreement or contract with his son, and herein the case is distinguishable from Brinker *v.* Brinker, 7 *Barr* 53, in which the contract of the father was both alleged and proved. But it is argued by the appellant's counsel that the will of 1847, in connexion with the receipts, makes out such an agreement or contract in writing to devise the land in fee simple, as entitles the appellant to demand a specific execution by a conveyance from the executors. We have not that will before us, but there is no reason suggested for our considering it anything more than a testamentary writing. The bill so treats it, and the witnesses speak of it as such and no more. The receipts too given to Matthew for the moneys paid, speak of " lands devised to him in my *last will and testament.*" It was a will, then, and not a contract which the elder Matthew Rowan executed in 1847. Nor are the receipts in form or substance contracts for the sale of lands. They are acknowledgments of so much money paid by Matthew Rowan, Jr., " which is to be allowed him by my executors by deducting it from the amount with which he stands charged for lands devised to him in my last will and testament." Lands *devised* and *charged* by will are not lands contracted to be sold and conveyed by deed. No diligence in misnaming, and no skill in torturing these papers can convert them into contracts. Doubtless the son expected, and with reason, a full estate in the land devised; but this expectation was based on testamentary provisions which he knew were in their nature revocable at the pleasure of the testator. He paid his money and supported his parents on the faith of such provisions, and if he deemed them insufficient for his security, he should have demanded something more obligatory. But if these writings do not amount to an express contract, do they, in connexion with the circumstances alleged, afford ground for an implied contract? What if they do? Equity does not enforce implied contracts for the conveyance of lands. The man who claims land from another by virtue of a contract of purchase, must show one that was expressed and defined. The statute of frauds and perjuries would very soon be repealed if courts and juries undertook to adjust equities upon implications and presumptions instead of written evidence. The case alleged, however, is not one of implied contract, for it is specifically a testa-

mentary arrangement, such as is common in families, and over which it is well for the parent to retain control as long as he remains responsible for the peace and prosperity of the family. He altered his will. He had a right to do so. By no contract, express or implied, had he tied his hands or placed his property beyond his control. His object was to secure a support for himself and wife. The money paid him was intended for the other children, and not for his present wants. It was the same as a payment to the executors. His reliance for life was on the land, and he was careful to keep the staff in his own hands. He considered that when he died would be soon enough to divide his substance among his children, and therefore he made a will in favour of Matthew instead of a contract. And Matthew was content to rely on a will, though he knew it to be a changeable instrument, and without effect till the death of the testator. And in looking through the new will, it seems to me he has small reason to complain of his father. Twelve acres and a half were added to his portion after the date of the first will, making it one hundred and *thirty-four* acres and a half; and though it is limited to him for life, there is a remainder over to Irwin and Armstrong, in trust for such of the children and grandchildren (*per stirpes*) of the said Matthew as may survive him. Very many reasons might occur to a father why such a qualified interest would be better for the object of his bounty and those most near to him, than an absolute fee simple; and the law has provided no tribunal to rejudge his discretion. Free to alter his will as he was to make it, we are not to destroy that which was the fruit of his observation, experience, and reflection, and to restore that which he destroyed. We are of opinion that the appellant presented no case for equitable relief, and that the decree of the Court was right in dismissing his bill.

The decree is affirmed.

LEWIS, C. J., dissented.